DAVID A. DIEPENBROCK (SBN 215679)
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:      916.558.6000
Facsimile:      916.446.1611
Email:  ddiepenbrock@weintraub.com

Attorneys for Plaintiff
DANIEL TANKERSLEY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL TANKERSLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WILL ARCAND, in his individual capacity as an employee of State Mining and Geology Board; STEPHEN M. TESTA, in his individual capacity as an employee of State Mining and Geology Board; AND DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:15-CV-01278-TLN-DMC<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AND RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT; ORDER**<br><br>Courtroom: 2, 15th Floor<br>Judge: The Honorable Troy L. Nunley<br>Trial Date: None Set Yet<br>Action Filed: 6/12/2015 |

**STIPULATION**

WHEREAS, on June 12, 2015, Plaintiff filed the Complaint in the above-entitled action.

WHEREAS, on October 29, 2015, Defendants Will Arcand and Stephen Testa filed a Motion pursuant to Federal Rule of Civil Procedure 12(b)(3) to stay the above entitled action until final adjudication of Case Nos. 34-2012-80001070 and 34-2013-80001561 currently pending in Sacramento County Superior Court.

WHEREAS, on May 27, 2016, the Court issued an Order Granting Defendants' Motion to Stay this action.

WHEREAS, the Parties hereto have entered into a Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and fully incorporated herein by this reference, settling the claims alleged in this case, as well as Case Nos. 34-2012-80001070, 34-2013-80001561, and 34-2020-00278671 currently pending in Sacramento County Superior Court.

WHEREAS, the Settlement Agreement includes a provision, Section 18, in which each of the Parties agreed to the court retaining jurisdiction over the Parties under section 664.6 of the California Code of Civil Procedure to enforce the terms and conditions of the Settlement Agreement, should that be necessary.

WHEREAS, Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. WHEREAS, federal law allows district courts to expressly retain jurisdiction to enforce a settlement agreement, such that breach of the settlement agreement would be a violation of the court's dismissal order, and support the court's exercise of ancillary jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

WHEREFORE, the Parties hereby stipulate that this action be dismissed with prejudice as to all Defendants and in its entirety, with each Party to bear his own attorneys' fees and costs; provided, however, that the Parties' stipulation of dismissal of this action with prejudice is conditioned upon the Court issuing an order retaining jurisdiction over the Parties to enforce the terms and conditions of the Settlement Agreement.

WHEREFORE, the Parties hereby stipulate to this Court retaining jurisdiction to enforce the

1  terms and conditions of the Settlement Agreement pursuant to California Code of Civil Procedure

2  section 664.6 and applicable federal law, and respectfully request that the Court enter the

3  accompanying proposed order.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**weintraub tobin** chediak coleman grodin
law corporation

STIPULATION FOR VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AND
RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT; ORDER

Respectfully submitted,

Dated:  January 4, 2021

By:   _/s/ Dan Tankersley_____
DAN TANKERSLEY, Plaintiff

Dated:  January 4, 2021

By:   _/s/ Will Arcand__ _____
WILL ARCAND, Defendant

Dated:  January 4, 2021

By:   _/s/ Stephen M. Testa_____
STEPHEN M. TESTA, Defendant

Dated:  January 4, 2021

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

By:   _/s/ David Diepenbrock_____
David A. Diepenbrock
Attorneys for Plaintiff,
DAN TANKERSLEY

Dated:  January 4, 2021

XAVIER BECERRA
Attorney General of California
DAVID G. ALDERSON
Supervising Deputy Attorney General
TARA L. MUELLER
Deputy Attorney General
NICHOLAS TSUKAMAKI
Deputy Attorney General

By:  _/s/ Tara Mueller_____
Tara L. Mueller
Deputy Attorney General
Attorneys for Defendants Will Arcand and
Stephen M. Testa

STIPULATION FOR VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AND
RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT; ORDER

## ORDER

Pursuant to the above stipulation, and for good cause appearing therefore, it is hereby ordered that the above action shall be dismissed with prejudice as to all Defendants and in its entirety, with each Party to bear his own attorneys' fees and costs; provided, however, that the Court shall, pursuant to section 664.6 of the California Code of Civil Procedure and applicable federal law, retain jurisdiction over the Parties to the above-entitled action to enforce the terms and conditions of the Parties' Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and to the accompanying Stipulation, and which is hereby incorporated and embodied herein by this reference.

**IT IS SO ORDERED.**

DATED: January 6, 2021

_____
Troy L. Nunley
United States District Judge

STIPULATION FOR VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AND
RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT; ORDER

# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among Petitioners and Cross-Defendants Joe Hardesty, Yvette Hardesty, and Richard Churches; Petitioner, Plaintiff, and Cross-Defendant Daniel Tankersley (collectively "Petitioners"); Defendants Will Arcand and Stephen M. Testa, and Respondent, Defendant, and Cross-Complainant California State Mining and Geology Board ("Board") (collectively, the "Parties"). This agreement will become effective as of December 17, 2020 ("Effective Date").

## RECITALS

A.     The Board is a public agency of the State of California.

B.     Joe Hardesty ("Hardesty") and Yvette Hardesty (collectively, "the Hardestys"), Richard Churches ("Churches"), Daniel Tankersley ("Tankersley"), Will Arcand ("Arcand"), and Stephen M. Testa ("Testa") are individuals.

C.     Petitioners filed Case Nos. 34-2012-80001070 and 34-2013-80001561 in Sacramento County Superior Court alleging, among other things, that certain Notices of Violation, Orders to Comply, and Administrative Penalty Orders issued by the Board against Petitioners pursuant to the Surface Mining and Reclamation Act of 1975 (Pub. Resources Code, § 2710, *et seq*.) (SMARA) regarding the Big Cut Mine site were unlawful.

D.     The Board filed a cross-complaint against Petitioners in Case No. 34-2012-80001070 for declaratory and injunctive relief and for recovery of administrative penalties and certain costs, interest, and fees.

E.     Tankersley filed a complaint against the Board in Case No. 34-2020-00278671 in Sacramento County Superior Court alleging violations of the Bagley-Keene Open Meeting Act (Gov. Code, § 11120, *et seq*.) ("Bagley-Keene Action").

F.     Tankersley filed a complaint against former Board Senior Engineering Geologist Arcand and former Board Executive Officer Testa in Case No. 2:15-cv-01278-TLN-CMK (U.S. District Court, Eastern District of California) ("Federal Action") alleging that they violated his procedural and substantive due process rights.

1

G.     These cases arise out of events relating to the "Big Cut Mine," which encompasses approximately 150 acres, and is located off Big Cut Road, about 1.5 miles south of Placerville, in El Dorado County, California.

H.     Following negotiations by and among all Parties through each party's counsel of record, the Parties have reached and entered into this Agreement in a good faith effort to avoid the uncertainty and additional expense of protracted litigation, and which the Board believes is in the best interests of the people of the State of California.

I.     The Parties mutually desire to enter into this Agreement to effectuate a full and final resolution of Case Nos. 34-2012-80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action (collectively the "Litigation") as follows:

**TERMS**

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.     <u>Receipt of Documents into the Record, Finding as to Reclamation, Release of Financial Assurances, and Rescission of Administrative Penalty Orders</u>

At its December 17, 2020 regularly scheduled hearing/meeting and in open session, the Board shall do all of the following:

a.     The Board will formally receive into the record the following documents, along with any other documents or submittals Petitioners may wish to submit to the Board for its consideration that relate to the subject matter hereof, including but not limited to: (1) a "Reclamation Completion Report" dated September 10, 2020, prepared by Simon Makdessi, P.E., G.E., based on his August 18, 2020 inspection of the Big Cut Mine; (2) a "Supplement to Reclamation Plan" for the Big Cut Mine dated June 22, 2020, prepared by Kenneth A. Williams, C.E.G.; and (3) a final accompanying Financial Assurance Cost Estimate (FACE) for the Big Cut Mine prepared by Cheryl Bly-Chester, P.E. dated December 3, 2020.  The Board will not formally approve any of these three documents or any other documents or submittals by Petitioners prior to or during the hearing.

b.     After the Board has received into the record the documents described above in

2

Paragraph 1.a, and has considered these documents and any other relevant information in its discretion, the Board will, at the same meeting, make a finding as to whether the Big Cut Mine site is substantially reclaimed within the meaning of the definition of "Reclamation" in Public Resources Code section 2733 (hereafter "substantially reclaimed").  If the Board makes a formal finding that the Big Cut Mine site has been substantially reclaimed, the Board will, at the same meeting, vote on whether to release to the Hardestys the $166,931.50 in financial assurance mechanisms the Hardestys provided to secure reclamation of the Big Cut Mine.

     c.    At the same public hearing, the Board also will vote on whether to (1) rescind the Administrative Penalty Order issued to the Hardestys and Churches on March 10, 2011 ("APO No. 1"); (2) rescind the Administrative Penalty Order issued to all Petitioners on June 13, 2013 ("APO No. 3"); and (3) confirm the Board's June 13, 2013 rescission of the Administrative Penalty Order issued to all Petitioners on January 12, 2012 ("APO No. 2").

     2.   <u>Parties' Obligations and Agreements Contingent on Board Actions Taken at Its December 17, 2020 Meeting</u>

All of the Parties' obligations and agreements set forth below in Paragraph 3 (Board payment to Tankersley), Paragraph 4 (Hardesty payment to Tankersley), Paragraph 5 (dismissals), Paragraph 6 (agreement regarding the owners and operators of Big Cut Mine), Paragraph 7 (agreement regarding future surface mining operations), Paragraph 8 (agreement regarding the Board's jurisdiction over access road), Paragraph 9 (costs and fees), Paragraph 11 (Petitioners' releases to the Board), Paragraph 12 (the Board's releases to Petitioners), Paragraph 13 (Arcand's and Testa's Releases to Tankersley), Paragraph 14 (Tankersley's Releases to Arcand and Testa), and Paragraph 15 (waiver of Civil Code section 1542), are contingent on the Board first taking the following actions ("Contingent Board Actions") described above, in Paragraphs 1.b and 1.c:

    (i)    making a formal finding that the Big Cut Mine site has been substantially reclaimed;

    (ii)   releasing the full $166,931.50 in financial assurance mechanisms to the Hardestys;

    (iii)  rescinding APO Nos. 1 and 3; and

    (iv) confirming the rescission of APO No. 2.

3

If the Board does not take all of these actions on December 17, 2020, the Board and Petitioners will meet and confer in an effort to resolve any outstanding issues.  If the Board and Petitioners are unable to resolve all of the outstanding issues during the meet and confer process, they will participate in a voluntary settlement conference at the Sacramento County Superior Court.

If the Board and Petitioners are able to resolve all of the outstanding issues during the meet and confer process, or the voluntary settlement conference, the Parties will be bound by all of their obligations and agreements under the terms of this Agreement, except as expressly modified through any amendment signed by all of the Parties hereto.

If, after meeting and conferring and participating in a voluntary settlement conference, the Board and Petitioners are unable to resolve all outstanding issues, the Litigation will proceed as allowed by law.

3.  <u>Board Payment of $200,000 to Tankersley.</u>

a.  Within fifteen (15) days after the Board has taken all of the Contingent Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board, or the state agency, department, or office (e.g. State Controller's Office) responsible for issuing the Board payment to Tankersley on the Board's behalf, will send a check in the amount of $200,000 made payable to Daniel Tankersley, via certified mail, return receipt requested, to Weintraub Tobin, Attention David A. Diepenbrock, Tankersley's counsel of record, at the following address: 400 Capitol Mall, 11th Floor, Sacramento, CA 95814.  The Board's delivery of the $200,000 to Tankersley is contingent on the Board's, and the Department of Conservation's, receipt from Tankersley of a Payee Data Record form, or any other documentation reasonably and customarily required by the state for making settlement payment.  Upon receipt of the check, Mr. Diepenbrock shall notify counsel of record for all of the other Parties via email that he has received the check.

b.  The Parties acknowledge that it is Tankersley's responsibility to characterize the tax consequences, if any, of the Board's $200,000 payment to Tankersley.  Tankersley expressly agrees to be solely responsible for any tax liability which may result from payment of the $200,000, and expressly acknowledges that the Board is not liable in any way for any tax

4

consequences of any payment made to him under this Agreement.  Tankersley understands and

acknowledges that the Board may be required to report the payment of the $200,000 to

appropriate taxing authorities, including the Internal Revenue Service and the California

Franchise Tax Board.  Tankersley acknowledges that the Board has not made any representations

regarding the tax consequences of any payment by the Board to Tankersley under this

Agreement.  The State Controller's Office may issue an IRS 1099 Form to Tankersley.

4.   Hardesty's Payment of $100,000 to Tankersley

Within fifteen (15) days after the Board has taken all of the Contingent Board Actions, as

provided for in Paragraph 1 and as defined in Paragraph 2, Hardesty will send a check in the

amount of $100,000 made payable to Daniel Tankersley, via certified mail, return receipt

requested, to Weintraub Tobin, Attention David A. Diepenbrock, Tankersley's counsel of record,

at the following address: 400 Capitol Mall, 11th Floor, Sacramento, CA 95814.

5.   Dismissals

Within fifteen (15) days after Mr. Diepenbrock has notified counsel of record for all of the

other Parties that he has received the Board's check in the amount of $200,000, as provided for

in Paragraph 3, the Parties shall take all of the following actions:

a.   All of the Parties shall file and serve on all other counsel a Notice of Unconditional

Settlement of Entire Case (Judicial Council Form CM-200) in Case Nos. 34-2012-80001070, 34-

2013-80001561, and 34-2020-00278671.

b.   All Petitioners shall file and serve on counsel for the Board an executed request for

voluntary dismissal of Case Nos. 34-2012-80001070 and 34-2013-80001561 in their entirety,

with prejudice.

c.   The Board shall file and serve on counsel for Petitioners an executed request for

voluntary dismissal of the cross-complaint in Case No. 34-2012-80001070 in its entirety, with

prejudice.

d.   Tankersley shall file and serve on counsel for the Board an executed request for

voluntary dismissal of Case No. 34-2020-00278671 in its entirety, with prejudice.

e.   Tankersley shall file and serve on counsel for Arcand and Testa an executed request

for voluntary dismissal of the Federal Action in its entirety, with prejudice.

All of the Board's and Petitioners' agreements and obligations in this Paragraph are effective only if the Board takes all of the Contingent Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, at its December 17, 2020 Board meeting, and the timely issuance and mailing of the $200,000 payment to Tankersley, as set forth above in Paragraph 3.a.  If the Board fails to take all of the Contingent Board Actions, then the Board's and Petitioners' sole obligations shall be to meet and confer with one another and to engage in a voluntary settlement conference, as provided in Paragraph 2 herein.

6.  Agreement Regarding the Owners and Operators of the Big Cut Mine and Responsibility as to Reclamation

The Board and Petitioners stipulate and agree that Hardesty is currently the sole operator of the Big Cut Mine; that neither Yvette Hardesty, Churches, nor Tankersley are currently operators of the Big Cut Mine; and that Tankersley is not currently an owner of the Big Cut Mine.  The Board and Petitioners further agree that neither Churches nor Tankersley will have any responsibility or liability with regard to any reclamation work that Hardesty has performed up to and including December 17, 2020, or any further reclamation work that may be required at the Big Cut Mine in order to meet the requirements of this Agreement.

All of the Board's and Petitioners' agreements and obligations in this Paragraph are effective only if the Board takes all of the Contingent Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as described above in Paragraph 5.

7.  Agreement Regarding Future Surface Mining Operations

Hardesty agrees that before commencing any surface mining operations at the Big Cut Mine that section 2714 of SMARA does not exempt from SMARA's local permit and reclamation plan and financial assurance approval requirements, he shall do all of the following: (1) obtain a local permit to mine; (2) submit a SMARA-compliant reclamation plan to the Board for the proposed

surface mining operations and obtain the full Board's approval of that reclamation plan; (3) submit to the Board, and obtain the full Board's approval of, a SMARA-compliant financial assurance cost estimate and accompanying financial assurance mechanism(s) necessary to conduct and complete reclamation on the mined lands in accordance with the approved reclamation plan; and (4) comply with any and all provisions of SMARA and its implementing regulations pertaining to the proposed surface mining operations, including payment of all applicable fees required by SMARA and its implementing regulations and Public Resources Code section 2207.

All of the Board's and Petitioners' agreements and obligations in this Paragraph are effective only if the Board takes all of the Contingent Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as described above in Paragraph 5.

8.   <u>Agreement Regarding the Board's Jurisdiction Over Access Road</u>

The Board agrees that for purposes of SMARA, it does not have jurisdiction over access roads located outside the boundaries of an approved Reclamation Plan.  The Board stipulates that the portion of the access road located between the southern property line of the Big Cut Mine and Big Cut Road, which is depicted in the map attached to this Agreement as Exhibit A, is located outside of the boundaries of the Reclamation Plan for Big Cut Mine that was reviewed by the Board's Surface Mining Standards Committee on September 11, 2008.

All of the Board's and Petitioners' agreements and obligations in this Paragraph are effective only if the Board takes all of the Contingent Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as described above in Paragraph 5.

9.   Costs and Fees

Each party shall bear its own attorneys' fees, costs, and expenses incurred in connection with the Litigation, including all attorneys' fees, costs, and expenses associated with negotiating this Agreement.

All of the Parties' agreements and obligations in this Paragraph are effective only if the Board takes all of the Contingent Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as described above in Paragraph 5.

10.   Notice/Correspondence

All notices and correspondence pertaining to this Agreement shall be sent by email as follows:

**If to the Board:**

David G. Alderson (David.Alderson@doj.ca.gov);

Tara L. Mueller (Tara.Mueller@doj.ca.gov); and

Nicholas Tsukamaki (Nicholas.Tsukamaki@doj.ca.gov)

**If to Petitioners Joe Hardesty and Yvette Hardesty:**

Klaus J. Kolb (kjklaw@sbcglobal.net)

**If to Petitioner Richard Churches:**

Glenn W. Peterson (gpeterson@petersonwatts.com)

**If to Petitioner Daniel Tankersley:**

David A. Diepenbrock (DDiepenbrock@weintraub.com)

The parties may each change their notice representative and/or the email address of their notice representative by email sent to all other party representatives.

11.   Petitioners' Releases to the Board

Petitioners, and each of them, on behalf of themselves, and each of their past and present agents, servants, receivers, trustees, employees, contractors, partners, administrators, attorneys,

1  consultants, representatives, successors, predecessors, heirs, related persons, or assignees, and

2  each of them, shall and do release and discharge the Board and each of its past and present

3  members, officers, employees, agents, attorneys, assigns, predecessors, and successors-in-

4  interest from any and all claims, charges, complaints, debts, liabilities, demands, obligations,

5  promises, agreements, costs, expenses (including but not limited to attorneys' fees and

6  consultants' fees and costs), damages, suits, actions, rights to appeal, pending appeals, and

7  causes of action of any kind and nature, in law, equity, or otherwise, whether known or

8  unknown, suspected and unsuspected, foreseen or unforeseen, disclosed and undisclosed, without

9  limitations of any kind or nature, directly or indirectly arising out of or in any way related to the

10  Big Cut Mine site, up to and including the Effective Date of this Agreement.  Petitioners

11  represent that they have not previously assigned or transferred any interest in any of the claims

12  released herein.  Petitioners further represent that they shall not assign or transfer any interest in

13  any of the claims released herein.  Nothing herein is intended or shall be construed as a waiver of

14  Petitioners' right to file a motion or to institute an action to compel compliance with this

15  Agreement.  Petitioners further covenant not to sue the Board, or any of its past and present

16  members, officers, employees, agents, attorneys, assigns, predecessors, and successors-in-

17  interest, to seek recovery or relief, of any kind or nature, for any of the claims released herein.

18      The releases in this Paragraph are effective only if the Board takes all of the Contingent

19  Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays

20  $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-

21  80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the

22  Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as

23  described above in Paragraph 5.

24      12.  <u>The Board's Releases to Petitioners</u>

25      The Board, on behalf of itself, and on behalf of each of its past and present agents, servants,

26  receivers, trustees, employees, contractors, administrators, attorneys, consultants,

27  representatives, successors, predecessors, or assignees, shall and hereby does release and

28  discharge each of the Petitioners from any and all claims, charges, complaints, debts, liabilities,

1  demands, obligations, promises, agreements, costs, expenses (including but not limited to

2  attorneys' fees and consultants' fees and costs), damages, suits, actions, rights to appeal, pending

3  appeals, and causes of action of any kind and nature, in law, equity, or otherwise, whether known

4  or unknown, suspected and unsuspected, foreseen or unforeseen, disclosed and undisclosed,

5  without limitation of any kind or nature, directly or indirectly arising out of or in any way related

6  to the Big Cut Mine site, up to and including the Effective Date of this Agreement.  The Board

7  represents that it has not previously assigned or transferred any interest in any of the claims

8  released herein.  The Board further represents that it shall not assign or transfer any interest in

9  any of the claims released herein.  Nothing herein is intended or shall be construed as a waiver of

10  the Board's right to file a motion or to institute an action to compel compliance with this

11  Agreement.  The Board further covenants not to sue any of the Petitioners to seek recovery or

12  relief, of any kind or nature, for any of the claims released herein.

13     The releases in this Paragraph are effective only if the Board takes all of the Contingent

14  Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays

15  $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-

16  80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the

17  Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as

18  described above in Paragraph 5.

19     13.  <u>Arcand's and Testa's Releases to Tankersley</u>

20     Arcand and Testa, and each of them, on behalf of themselves and each of their past and

21  present agents, servants, receivers, trustees, employees, contractors, administrators, attorneys,

22  consultants, representatives, successors, predecessors, or assignees, shall and hereby do release

23  and discharge Tankersley, his spouse, and each of their respective past and present employees,

24  partners, representatives, agents, attorneys, heirs, assigns, predecessors, and successors-in-

25  interest from any and all claims, charges, complaints, debts, liabilities, demands, obligations,

26  promises, agreements, costs, expenses (including but not limited to attorneys' fees and

27  consultants' fees and costs), damages, suits, actions, rights to appeal, pending appeals, and

28  causes of action of any kind and nature, in law, equity, or otherwise, whether known or

1  unknown, suspected and unsuspected, foreseen or unforeseen, disclosed and undisclosed, without

2  limitations of any kind or nature, directly or indirectly arising out of or in any way related to the

3  Big Cut Mine site, up to and including the Effective Date of this Agreement.  Arcand and Testa

4  each represents that he has not previously assigned or transferred any interest in any of the

5  claims released herein.  Arcand and Testa each further represents that he shall not assign or

6  transfer any interest in any of the claims released herein.  Nothing herein is intended or shall be

7  construed as a waiver of Arcand's or Testa's right to file a motion or to institute an action to

8  compel compliance with this Agreement.  Arcand and Testa each further covenant not to sue

9  Tankersley, or any other Party hereto, to seek recovery or relief of any kind or nature for any of

10  the claims released herein.

11      The releases in this Paragraph are effective only if the Board takes all of the Contingent

12  Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays

13  $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-

14  80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the

15  Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as

16  described above in Paragraph 5.

17      14.   Tankersley's Releases to Arcand and Testa

18      Tankersley, on behalf of himself and each of his past and present agents, servants, receivers,

19  trustees, employees, contractors, administrators, attorneys, consultants, representatives,

20  successors, predecessors, or assignees, shall and hereby does release and discharge Arcand and

21  Testa, and each of their respective past and present employees, partners, representatives, agents,

22  attorneys, heirs, assigns, predecessors, and successors-in-interest from any and all claims,

23  charges, complaints, debts, liabilities, demands, obligations, promises, agreements, costs,

24  expenses (including but not limited to attorneys' fees and consultants' fees and costs), damages,

25  suits, actions, rights to appeal, pending appeals, and causes of action of any kind and nature, in

26  law, equity, or otherwise, whether known or unknown, suspected and unsuspected, foreseen or

27  unforeseen, disclosed and undisclosed, without limitations of any kind or nature, directly or

28  indirectly arising out of or in any way related to the Big Cut Mine site, up to and including the

11

1  Effective Date of this Agreement.  Tankersley represents that he has not previously assigned or

2  transferred any interest in any of the claims released herein.  Tankersley further represents that

3  he shall not assign or transfer any interest in any of the claims released herein.  Nothing herein is

4  intended or shall be construed as a waiver of Tankersley's right to file a motion or to institute an

5  action to compel compliance with this Agreement.  Tankersley further covenants not to sue

6  Arcand or Testa, or any other Party hereto, to seek recovery or relief of any kind or nature for

7  any of the claims released herein.

8      The releases in this Paragraph are effective only if the Board takes all of the Contingent

9  Board Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays

10  $200,000 to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-

11  80001070, 34-2013-80001561, 34-2020-00278671, and the Federal Action, including the

12  Board's cross-complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as

13  described above in Paragraph 5.

14      15.  <u>Waiver of Civil Code Section 1542</u>

15      The Parties understand and agree that all rights under Civil Code section 1542 are hereby

16  waived.  Section 1542 states: "A general release does not extend to claims which the creditor

17  does not know or suspect to exist in his or her favor at the time of executing the release, which if

18  known by him or her must have materially affected his or her settlement with the debtor."

19      The waiver in this Paragraph is effective only if the Board takes all of the Contingent Board

20  Actions, as provided for in Paragraph 1 and as defined in Paragraph 2, the Board pays $200,000

21  to Tankersley as set forth in Paragraph 3, and the Parties dismiss Case Nos. 34-2012-80001070,

22  34-2013-80001561, 34-2020-00278671, and the Federal Action, including the Board's cross-

23  complaint in Case No. 34-2012-80001070, in their entirety with prejudice, as described above in

24  Paragraph 5.

25      16.  <u>Reservation of Rights</u>

26      Nothing in this Agreement shall constitute or be construed as a satisfaction or release from

27  any liability or claim arising out of or related to any future act or omission of the Parties arising

28  after the Effective Date.

SETTLEMENT AGREEMENT

17.  No Admission of Liability

This Agreement and the provisions herein constitute a full settlement of claims that are denied and contested.  Nothing contained in this Agreement will be construed as an admission by any party of any fault or liability of any kind to any other party.  Accordingly, this Agreement does not and will not constitute an admission of any kind by any Party.

18.  Continuing Jurisdiction

Pursuant to Code of Civil Procedure section 664.6, the Parties agree that they will jointly request that the Court retain jurisdiction to enforce the terms and conditions of this Agreement. Within fifteen (15) days after the Board meeting described above in Paragraph 1, the Parties will file with the Court a stipulation and proposed order to this effect, and will attach thereto a fully executed copy of this Agreement.  Should any action be instituted to enforce any provision of this Agreement, the prevailing party shall be entitled to recover its costs and reasonable attorneys' fees, in addition to all of the relief to which that party may be entitled by law.

19.  Interpretation

This Agreement was drafted equally by all Parties.  The Parties agree that Civil Code section 1654 or any similar statute and the rule of construction holding that ambiguity is construed against the drafting party shall not apply to the interpretation of this Agreement.

20.  Governing Law

The Parties understand and agree that this Agreement shall be governed by, construed and enforced in accordance with the laws of the State of California as applied to contracts made and to be performed entirely in California based on the state of the law at that time.

21.  Integration and Modification

This Agreement contains all of the terms and conditions agreed upon by the Parties relating to the matters covered by this Agreement, and supersedes any and all prior and contemporaneous agreements, negotiations, correspondence, understandings, representations, warranties, and communications of the Parties, whether oral or written, respecting the matters covered by this Agreement.  This Agreement may be amended or modified only by a writing signed by the Parties.

22.   Severability

If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be held invalid or unenforceable, in whole or in part, by a court of competent jurisdiction, then the remainder of this Agreement other than those provisions held to be invalid or unenforceable, shall not be affected thereby and each such remaining term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

23.   Knowing and Voluntary Agreement

Each party to this Agreement acknowledges that the party has been represented by legal counsel, and that each party has reviewed, and has had the benefit of legal counsel's advice concerning all of the terms and conditions of this Agreement, and has entered into this Agreement knowingly and voluntarily.

24.   Authority to Execute

Each party to this Agreement represents and warrants that any person who has signed this Agreement on his, her, or its behalf is duly authorized to sign this Agreement, and to bind that party to all of the terms and conditions of this Agreement.

25.   Successors and Assigns

This Agreement shall bind each of the Parties' past and present employees, supervisors, members, divisions, departments, subsidiaries, partners, representatives, agents, attorneys, heirs, assigns, predecessors, delegates, personal representatives, and shall inure to the benefit of each Party, its subsidiaries, agents, directors, officers, managers, brokers, partners, employees, insurers, successors, and assigns.

26.   Counterparts

This Agreement may be executed by the Parties in counterpart originals with the same force and effect as if fully and simultaneously executed as a single, original document. Each party agrees that all genuine copies of his, her, or its signature on this Agreement, including photocopies and scanned or portable document format (PDF) copies, may be used as though were originals.

---

SETTLEMENT AGREEMENT

1    **IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as

2  provided below:

3  Dated: _12 - 16_____, 2020

4

5  _____

   Joe Hardesty

6

7  Dated: _12 - 16_____, 2020

8  _____

   Yvette Hardesty

9  Dated: _____, 2020

10

11 _____

   Richard Churches

12

13 Dated: _____, 2020

14 _____

   Daniel Tankersley

15

16 Dated: _____, 2020

17 _____

   Will Arcand

18

19 Dated: _____, 2020

20 _____

   Stephen M. Testa

21

22 Dated: _____, 2020

23 CALIFORNIA STATE MINING AND GEOLOGY BOARD

24

25 _____

   By: Jeffrey Schmidt

26 Its: Executive Officer

27

28

                                    15

1  **IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as

2  provided below:

3
4  Dated: _____, 2020

5  _____
   Joe Hardesty
6
7  Dated: _____, 2020

8  _____
   Yvette Hardesty
9  Dated: _12 - 17_, 2020

10  _Rick Churches_
    Richard Churches
11
12
13  Dated: _12/16_, 2020  _Daniel Tankersley_

14  Daniel Tankersley

15
16  Dated: _____, 2020

17  _____
    Will Arcand
18
19  Dated: _____, 2020

20  _____
    Stephen M. Testa
21
22  Dated: _____, 2020  CALIFORNIA STATE MINING AND GEOLOGY BOARD

23
24  _____
25  By: Jeffrey Schmidt
    Its: Executive Officer
26
27
28

15

1    **IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as

2    provided below:

3    Dated: _____, 2020

4

5    _____
     Joe Hardesty

6    Dated: _____, 2020

7

8    _____
     Yvette Hardesty

9    Dated: _____, 2020

10

11   _____
     Richard Churches

12   Dated: _____, 2020

13

14   _____
     Daniel Tankersley

15   Dated: 12/16, 2020

16   _____
     Will Arcand

17

18

19   Dated: _____, 2020

20   _____
     Stephen M. Testa

21

22   Dated: _____, 2020      CALIFORNIA STATE MINING AND GEOLOGY BOARD

23

24   _____

25   By: Jeffrey Schmidt
     Its: Executive Officer

26

27

28

                                    15

     _____
                                    SETTLEMENT AGREEMENT

**IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as provided below:

Dated: _____, 2020

_____
Joe Hardesty

Dated: _____, 2020

_____
Yvette Hardesty

Dated: _____, 2020

_____
Richard Churches

Dated: _____, 2020

_____
Daniel Tankersley

Dated: _____, 2020

_____
Will Arcand

Dated: _Dec 16_____, 2020

_____
Stephen M. Testa

Dated: _____, 2020

CALIFORNIA STATE MINING AND GEOLOGY BOARD

_____
By: Jeffrey Schmidt
Its: Executive Officer

15

**IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as provided below:

Dated: _____, 2020

_____
Joe Hardesty

Dated: _____, 2020

_____
Yvette Hardesty

Dated: _____, 2020

_____
Richard Churches

Dated: _____, 2020

_____
Daniel Tankersley

Dated: _____, 2020

_____
Will Arcand

Dated: _____, 2020

_____
Stephen M. Testa

Dated: 17, March, 2020

CALIFORNIA STATE MINING AND GEOLOGY BOARD

*Jeffrey Schmidt*

By: Jeffrey Schmidt
Its: Executive Officer

15

# Exhibit A



PROPERTY LINE

60' EASEMENT

HINGE LINE BETW

1889.956

ENTRANCE ROAD

SECTION 20

LOCKED GATE AT BIG CUT ROAD